OPINION
{¶ 1} Latrina S. Ferguson, a.k.a. Latrina S. Fields, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the trial court granted summary judgment to General Motors Acceptance Corporation ("GMAC"), plaintiffappellee.
 {¶ 2} On March 29, 1999, appellant and a car dealership entered into a lease agreement for the lease of a vehicle for 36 months. Pursuant to the agreement, the car dealership was the primary lessor, and GMAC was the assignee. Appellant failed to make timely payments pursuant to the lease, and GMAC made a due demand upon appellant to liquidate the amount due and owing. Appellant failed to pay the amount due and owing. In May 2001, GMAC took possession of the vehicle, and appellant agreed to make periodic payments of $25 per month. From December 2001 to April 2004, appellant paid GMAC $775.07. GMAC sold the vehicle at auction and claimed a deficiency from the lease terms.
 {¶ 3} On March 27, 2003, GMAC filed a complaint against appellant for breach of contract. On June 17, 2004, GMAC filed a motion for summary judgment. The trial court granted summary judgment to GMAC on July 8, 2004, and awarded judgment to GMAC in the principal amount of $7,512 plus interest on the principal balance from the date of judgment at the statutory rate per annum, plus costs. The court specifically found the balance included a deduction for the payments made by appellant. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
1. The Franklin County Municipal Court committed reversible error by GRANTING appellee's Motion for Summary Judgment where the appellant, by timely submission of argument and evidentiary materials, pursuant to Civil Rule 56, establishes that there is a genuine issue of material fact remaining for the court to decide.
2. The Franklin County Municipal Court committed reversible error by GRANTING appellee's Motion for Summary Judgment where appellee is not entitled to judgment as a matter of law, under application of O.R.C. §§1310.01, et seq., and related statutory and regulatory law.
 {¶ 4} Appellant argues in her first assignment of error that the trial court erred in granting summary judgment to GMAC because there remained genuine issues of material fact. In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor.Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, citing Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. See, also, Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Vahila v. Hall (1997), 77 Ohio St.3d 421,429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 295.
 {¶ 5} Appellant contends she raised issues of material fact, and, therefore, summary judgment was inappropriate. Appellant claims that her proffer of evidence in the form of cancelled checks totaling $775.07 raises a factual question of how the payments she made were attributed to the total liability claimed by GMAC. She asserts there is no evidence in the record attesting how GMAC arrived at the amount demanded and ordered by the court.
 {¶ 6} GMAC's complaint requested $8,062.07 in damages from appellant. In its motion for summary judgment, GMAC claimed it was due $7,512. GMAC attached to its motion for summary judgment an affidavit from its keeper of records averring that the principal balance due and unpaid according to the terms of the lease agreement was $8,062.07, and there were no credits for unpaid payments or any setoff that would reduce the balance owed by appellant. Appellant filed an affidavit in support of her memorandum contra GMAC's motion for summary judgment in which she averred that she made payments of $25 per month to GMAC from December 2001 to April 2004, and she has never been informed by GMAC as to how these payments were attributed to the balance of the debt claim to be owed or how GMAC arrived at the total claimed.
 {¶ 7} We find no genuine issues of material fact remain, and the trial court properly granted summary judgment. Although GMAC does not explain the difference between the amount requested in the summary judgment motion, $7,512, and the amount averred by its keeper of records, $8,062.07, the discrepancy may be explained by the fact that the affidavit was completed in June 2003 and the motion for summary judgment was not filed until June 2004, and appellant admittedly continued to make periodic payments to GMAC throughout this period. Regardless, appellant presents no evidence to demonstrate that her payments were not properly applied to the balance due or that $7,512 is not the correct balance due. Although she questions the basis for this total in her affidavit contra GMAC's motion for summary judgment, she presents no explanation or support for her non-specific doubt. Therefore, we find GMAC satisfied its burden to demonstrate that there existed no genuine issues of material fact, but appellant failed to satisfy her reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there was a genuine issue for trial. See Vahila, at 429. Accordingly, appellant's first assignment of error is overruled.
 {¶ 8} Appellant argues in her second assignment of error that the trial court erred in granting summary judgment because GMAC was not entitled to summary judgment under R.C. 1310.01 et seq., and related statutory and regulatory law. Appellant cites various provisions of R.C. 1310 in claiming the present contract is a contract of adhesion, GMAC had a duty to mitigate, and GMAC cannot be placed in a better position than it would have been had appellant fully performed. Appellant also argues that, under R.C. 1310.50, liquidated damages must be calculated pursuant to a formula that is reasonable. Appellant asserts that she can only speculate that GMAC used a formula to arrive at the sum prayed for, as there was no proof offered as to how GMAC arrived at the claim for damages.
 {¶ 9} R.C. 1310.50(A) provides damages payable by either party for default or any other act or omission may be liquidated in the lease agreement but only at an amount or by a formula that is reasonable in light of the then anticipated harm caused by the default or other act or omission. Further, it is also clear from various Revised Code provisions that any resale must be performed in a commercially reasonable manner consistent with the general mandates of the Uniformed Commercial Code. See R.C. 1310.69; 1310.73; 1310.74; 1310.76; First Natl. Bank ofCincinnati v. Cianelli (1991), 73 Ohio App.3d 781, 790-791; Info.Leasing Corp. v. Pall, Inc., 156 Ohio App.3d 378, 2004-Ohio-1014, at ¶ 9. The sale may be made at any time or place and on any terms, but all aspects of the disposition must be commercially reasonable. See former R.C. 1309.47; former R.C. 1309.50(B). Price alone does not determine whether a sale is commercially reasonable. Huntington Natl. Bank v.Elkins (1990), 53 Ohio St.3d 79, syllabus. "The focus is not on the proceeds but on the procedure used." First Natl., at 791, citingHuntington Natl. Bank, at 81.
 {¶ 10} In the present case, the record indicates that GMAC sold the vehicle at auction and applied all of the proceeds, credits, and setoffs in arriving at the balance due. GMAC presented an affidavit from its keeper of records, who averred that the total balance due included any setoffs. Appellant has failed to present any evidence that GMAC failed in its duty to mitigate, that it was placed in a better position than it would have been had she performed, that it disposed of the vehicle in a commercially unreasonable manner, or that it used an unreasonable formula to arrive at the total due. Not only has appellant failed to present any evidence of such allegations, she does not even specify how GMAC may have failed in any of these duties. Her sole assertion is that she is without information to know whether GMAC fulfilled its requirements under the Revised Code and Uniformed Commercial Code. However, given the evidence in the record and GMAC's averments, these assertions with nothing more are insufficient under the principles of summary judgment. Appellant has simply failed in her reciprocal burden to demonstrate any issues of fact related to her contentions. Even viewing the facts before us in a light most favorable to appellant, we find that the record raises no genuine issue of material fact as to whether GMAC's disposal of the vehicle and final accounting was commercially unreasonable or inherently unfair to appellant.
 {¶ 11} In addition, appellant contends that federal law and regulations, specifically Section 1667a(11), Title 15, U.S. Code, require that disclosure of terms must be clearly and conspicuously disclosed in the agreement, which appellant claims are not in the present case. However, appellant failed to raise this argument in the trial court. It is axiomatic that a party cannot raise new issues for the first time on appeal, and any such issues are deemed waived on appeal. Mark v. MellottMfg. Co., Inc. (1995), 106 Ohio App.3d 571, citing Shover v. CordisCorp. (1991), 61 Ohio St.3d 213, 220. "[A]n appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Awan (1986), 22 Ohio St.3d 120, 122, quoting State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus. Therefore, appellant waived this argument for appellate purposes. For these reasons, appellant's second assignment of error is overruled.
 {¶ 12} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Municipal Court granting summary judgment to GMAC is affirmed.
Judgment affirmed.
Lazarus and Klatt, JJ., concur.